UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

LORENA G. RIOS,
Plaintiff,
v.
CITY OF CHULA VISTA, et al.,
Defendants.

Case No.: 3:26-cv-4607-CAB-JLB

**ORDER:**

**(1) DENYING MOTION TO PROCEED IFP, [Doc. No. 2]; and**

**(2) DENYING MOTION TO ELECTRONICALLY FILE [Doc. No. 3]**

On August 12, 2026, Plaintiff Lorena G. Rios, proceeding pro se, sued Defendants City of Chula Vista, Chula Vista Police Department, Sergeant Doe, and Officer Does 1–10, pursuant to 42 U.S.C. § 1983. [Doc. No. 1 ("Complaint").] Plaintiff did not prepay the civil filing fees required by 28 U.S.C. § 1914(a) at the time of filing; instead, she filed a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). [Doc. No. 2.] Additionally, Plaintiff filed a motion for leave to electronically file documents. [Doc. No. 3.] Both motions appear to be missing pages.

Generally, all parties instituting a civil action in this Court must pay a filing fee. *See* 28 U.S.C. § 1914(a); CivLR 4.5(a). But under 28 U.S.C. § 1915(a), the Court may authorize any suit's commencement, prosecution, or defense without payment of fees if the plaintiff submits an affidavit, including a statement of all his or her assets, showing he or

she is unable to pay filing fees or costs. "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (internal quotation marks omitted). Granting or denying leave to proceed IFP in civil cases is within the district court's sound discretion. *Venable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974) (citations omitted).

Plaintiff states her income is $1,700 in unemployment benefits but she fails to include any particularized information about her monthly expenses. It appears that the fourth page of Plaintiff's IFP application, which asks applicants to provide expense information, is missing. Thus, Plaintiff's application lacks sufficient particularity and so the Court **DENIES** her motion to proceed IFP. [Doc. No. 2.] Plaintiff must either file an amended motion to proceed IFP or pay the required civil filing fee by **October 16, 2026** or the case shall be **DISMISSED**. As her motion to proceed IFP is denied, the Court also **DENIES** the motion for leave to electronically file documents.[1] [Doc. No. 3.]

It is **SO ORDERED**.

Dated: September 18, 2026

Hon. Cathy Ann Bencivengo
United States District Judge

---

[1] The Court additionally notes that the motion to file electronically lacks certain required attestations. Plaintiff should refer to the Court's information for pro se litigants who wish to file electronically, available at: https://www.casd.uscourts.gov/prose/prose-filinginfo.aspx